NO. 07-11-00480-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 5, 2012

LAVALLE RAPHEAL JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,703-B; HONORABLE JOHN B. BOARD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Lavalle Rapheal Johnson, appeals the trial court's order adjudicating him guilty of murder[1] and sentencing him to seventy-five years' imprisonment. On appeal, he contends that the trial court abused its discretion by adjudicating him guilty when the State failed to properly identify that it was appellant who was noticed of the terms of community supervision, the violation of which served as the basis for revocation of his deferred adjudication community supervision. He also complains that

[1] See TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011).

the trial court improperly ordered that he reimburse Potter County for court-appointed attorney's fees. We will modify the trial court's judgment and affirm it as modified.

Factual and Procedural History

In December 2001, appellant was indicted for murder. In April 2003, pursuant to a plea bargain, appellant pleaded guilty to such charge. The trial court deferred adjudication and placed appellant on community supervision for ten years. In 2005, the trial court modified the terms and conditions of appellant's community supervision following a hearing on the State's motion to proceed to adjudication.

In September 2010, the State filed its second motion to proceed to adjudication, alleging that appellant had violated two terms and conditions of his community supervision: (1) that appellant committed a criminal offense by possessing a controlled substance and (2) that appellant possessed a firearm.[2] Appellant pleaded "not true," and a hearing was held on the State's motion. The trial court found those two allegations to be true by a preponderance of the evidence, adjudicated appellant guilty of murder, and sentenced him to seventy-five years' imprisonment. It also ordered that appellant reimburse Potter County $2,150.00 for court-appointed attorney's fees.

---

[2] Pursuant to a search warrant, police seized approximately fifty-six pounds of marijuana and an SKS semi-automatic rifle from an apartment in which appellant resided part-time. He admitted to officers that all the property in the apartment belonged to him. Appellant does not challenge the factual basis underlying the allegations in the State's motion to proceed.

Identity

Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the trial court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012); Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). We review this determination in the same manner as we review a hearing to revoke community supervision. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); Antwine, 268 S.W.3d at 636. We review an order revoking community supervision for an abuse of discretion. See Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo 2001, no pet.). In determining whether some evidence supports the trial court's decision, we view the evidence in the light most favorable to the trial court's ruling. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984) (en banc). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See Allbright v. State, 13 S.W.3d 817, 819 (Tex.App.—Fort Worth 2000, pet. ref'd). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant violated a term and condition of community supervision as alleged in the motion to revoke. See Cardona, 665 S.W.2d

3

at 493.  If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision.  Id. at 493–94.

Applicable Law and Analysis

At a revocation hearing, the State must also prove by a preponderance of the evidence that the defendant is the same individual as is reflected in the judgment and order of probation.  Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993) (en banc).  From this, appellant maintains that it was incumbent on the State to show that it was appellant, specifically, who received notice of the terms and conditions of community supervision but failed to comply with them.  He contends that, in this case, the State failed to do so.  More specifically, he contends that the State failed to prove at the revocation hearing that appellant was the same individual as is reflected in the judgment and order of community supervision.  He asks that we reverse and remand the cause for a new hearing on the State's motion.  The State responds that appellant has forfeited his right to complain of this issue by failing to raise it in the trial court.  If the issue is properly before this Court, the State argues in the alternative, it did sufficiently identify appellant as the individual subject to the conditions of deferred adjudication community supervision.

Initially, we note that an appellant who fails to make his identity an issue at the revocation hearing is precluded from raising the issue for the first time on appeal.  See Riera v. State, 662 S.W.2d 606, 607 (Tex.Crim.App. 1984); Batiste v. State, 530 S.W.2d 588, 589 (Tex.Crim.App. 1975); Hillburn v. State, 627 S.W.2d 546, 549 (Tex.App.— Amarillo 1982, no pet.).  Appellant seems to attempt to cast his issue in terms of a

4

failure of proof as to the person identified in the 2003 order placing that person on community supervision rather than a more straightforward issue challenging the State's proof of identity of the person alleged to have committed the acts in violation of the terms of community supervision. See Hillburn, 627 S.W.2d at 548; see also Rice v. State, 801 S.W.2d 16, 17 (Tex.App.—Fort Worth 1990, pet. ref'd) (discussing State's burden of proving identity in revocation context). It would seem that, ultimately, appellant has raised an issue of identity for the first time on appeal and has simply recast it in a different light by challenging the evidence that "connect[s]" appellant to the individual named in the 2003 order deferring adjudication. However, to the extent appellant's argument differs from those raised for the first time on appeal and rejected as forfeited by the failure to raise them in the trial court, we note that the record reveals sufficient evidence to establish that appellant is the same individual identified in the 2003 order placing "Lavelle Rapheal Johnson" on deferred adjudication community supervision.

Most notably, appellant identified himself as the individual placed on community supervision in 2003 in trial court cause number 44,703-B—on the record and in his own words:

> COURT: Okay. Well, I'll call Cause Number 44,703-B, the State of Texas versus Lavalle[3] Rapheal Johnson. We're here on a motion to proceed, and is the State ready?
>
> STATE: State's ready to proceed, Your Honor.

---

[3] As the State points out appellant is referred to as both "Lavalle" and "Lavelle," alternately, throughout the record. He does not base his complaint on the confusion as to the spelling of his given name.

5

. . .

COURT: Thank you. And, you are Lavalle Rapheal Johnson?

DEFENDANT: Yes, sir.

COURT: And, Mr. Johnson, are you the same Lavalle Rapheal Johnson who was here originally on April 23rd of 2003 and pled guilty to murder?

DEFENDANT: Yes, sir.

COURT: And it's my recollection that pursuant to that plea, the Court deferred adjudication, placed you on community supervision for a term of 10 years, and then were you back before the Court on June the 23rd of 2005 and pled true to one allegation in a motion to proceed?

DEFENDANT: Yes, sir.

The trial court went on to review the history of the case from the 2003 order placing him on community supervision through the modification of the terms of his community supervision associated with the State's 2005 motion to proceed to adjudication through the hearing on the State's second motion to proceed to adjudication. In response to the trial court's various questions associated with the procedural history of the case, appellant responded affirmatively.[4] Appellant unequivocally identified himself as the same individual who had originally pleaded guilty to murder in 2003 and was placed on deferred adjudication community supervision. Cf. Batiste, 530 S.W.2d at 589 (concluding that identity of appellant as probationer was "fully proved" by appellant's own responses to the trial court's questions in addition to thumbprint evidence); Kent v. State, 809 S.W.2d 664, 666 (Tex.App.—Amarillo 1991, pet. ref'd) (concluding, based on similar exchange with trial court, that defendant sufficiently identified himself as the

---

[4] For instance, the trial court inquired into the following matters, each of which appellant responded "Yes, sir": whether appellant has had a chance to review the allegations in the State's motion, whether appellant has had the opportunity to consult with his attorney, and whether appellant understands that he may be subject to the full range of punishment available for the offense of murder.

6

probationer). "Thus, by his own admission, appellant, without making his identity an issue, identified himself as the defendant in . . . the proceedings which were at issue in the revocation of probation hearing, and of which the court took judicial knowledge." Kent, 809 S.W.2d at 666; see Newton v. State, No. 07-08-00136-CR, 2008 Tex. App. LEXIS 8611, at *3–5 (Tex.App.—Amarillo Nov. 14, 2008, no pet.) (mem. op., not designated for publication) (rejecting similar contention regarding "lack of testimony or fingerprint evidence to show he was the same person that was placed on deferred adjudication community supervision" when appellant identified himself as such before the trial court); Pettit v. State, 662 S.W.2d 427, 429 (Tex.App.—Corpus Christi 1983, pet. ref'd) (concluding that, in a similar exchange, "[b]y appellant's own admission, he identified himself as the defendant in the two prior felony causes which were at issue in the revocation"). Appellant's own statements in which he identified himself in response to the trial court's questions are evidence that he was, in fact, the same individual who was subject to the terms and conditions of community supervision. See Kent, 809 S.W.2d at 666; see also Bryant v. State, 187 S.W.3d 397, 402 (Tex.Crim.App. 2005) (concluding that, after appellant stipulated to prior convictions, appellant could not complain on appeal that the State failed to prove "an element to which he confessed" and citing United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995) (per curiam)).

Nonetheless, the State did present additional evidence which identified appellant as the individual placed on community supervision by the 2003 order. Appellant's community supervision officer identified appellant in court as the individual he supervised in this case. Cf. Cherry v. State, 215 S.W.3d 917, 919–20 (Tex.App.—Fort Worth 2007, pet. ref'd) (concluding that testimony of probation officer which identified

defendant established by a preponderance of the evidence that defendant in that cause was the same individual named in the judgment placing her on community supervision). The record here, therefore, contains evidence to support the trial court's conclusion that the State established by a preponderance of the evidence that appellant is the individual who was placed on community supervision by order signed April 23, 2003, for murder in trial court cause number 44,703-B.

Appellant maintains that "the State must prove at a revocation hearing the defendant is the same individual as is reflected in the judgment and order of probation." Here, to the extent the State still had to garner any more evidence of such after appellant, in his own words, identified himself as the individual who was placed on deferred adjudication in exchange for his plea of guilty to murder, it did. The trial court did not abuse its discretion by finding that a preponderance of the evidence established that appellant was the individual subject to the terms and conditions of the 2003 order placing him on community supervision. Accordingly, we overrule appellant's first issue.

Appointed Attorney's Fees

The trial court's order adjudicating appellant guilty of murder and sentencing him to seventy-five years in prison also orders that appellant reimburse Potter County $2,150.00 in court-appointed attorney's fees. Appellant contends that insufficient evidence supports the trial court's order that he reimburse court-appointed attorney's fees. The State concedes that the trial court erred by ordering that appellant pay $1,400.00 of those fees as reimbursement of appointed attorney's fees, confessing that the record contains no evidence of his ability to offset those costs. See TEX. CODE

8

CRIM. PROC. ANN. art. 26.05(g) (West. Supp. 2012). The State maintains, however, that appellant should be held to pay for $750.00 in attorney's fees as he agreed in the 2003 order deferring adjudication and placing him on community supervision.

In recent cases, this Court has considered and rejected positions similar to the State's in the instant case. See Castillo v. State, No. 07-12-00126-CR, 2012 Tex. App. LEXIS 8298, at *2–4 (Tex.App.—Amarillo Oct. 3, 2012, no pet. h.) (mem. op., not designated for publication); Perez v. State, No. 07-12-00066-CR, 2012 Tex. App. LEXIS 5635, at *2–4 (Tex.App.—Amarillo July 12, 2012, no pet.) (mem. op., not designated for publication); Montoya v. State, No. 07-11-00492-CR, 2012 Tex. App. LEXIS 5543, at *6–9 (Tex.App.—Amarillo July 11, 2012, no pet.) (mem. op., not designated for publication); Parker v. State, No. 07-11-00443-CR, 2012 Tex. App. LEXIS 5541, at *5–8 (Tex.App.—Amarillo July 11, 2012, no pet.) (mem. op., not designated for publication); Wolfe v. State, No. 07-10-00201-CR, 2012 Tex. App. LEXIS 5368, at *6–12 (Tex.App.—Amarillo July 6, 2012, no pet.), reh'g denied, 2012 Tex. App. LEXIS 5483, at *1 (Tex.App.—Amarillo July 10, 2012) (en banc) (per curiam); but see Marquez v. State, No. 07-10-00366-CR, 2011 Tex. App. LEXIS 2307, at *3–6 (Tex.App.—Amarillo Mar. 30, 2011, no pet.) (mem. op., not designated for publication).[5] In Wolfe, for instance,

---

[5] In addition to prompting this Court's own internal debate of this issue, the propriety of assessing attorney's fees in this context has, at a minimum, threatened to give rise to a split among other intermediate courts of appeals. Compare Gipson v. State, No. 13-12-00065-CR, 2012 Tex. App. LEXIS 7147, at *5–6 n.4 (Tex.App.—Corpus Christi Aug. 23, 2012, no pet.) (mem. op., not designated for publication) (suggesting that, although record was unclear as to the nature of the fees assessed against appellant in that case, in the absence of ability to offset those costs, *no* attorney's fees could be assessed and citing Wolfe with favor), and Derby v. State, No. 09-11-00256-CR, 2011 Tex. App. LEXIS 9810, at *6–7 (Tex.App.—Beaumont Dec. 14,

9

this Court concluded that the evidence was insufficient to support the trial court's assessment of attorney's fees even though payment of those fees had been imposed as a condition of appellant's community supervision and had not been previously challenged as such. See Wolfe, 2012 Tex. App. LEXIS 5368, at *10–11.

In order to assess attorney's fees in an order adjudicating guilt, the trial court must determine that the defendant has the financial resources that would enable him to offset in part or in whole the costs of legal services provided to him. See TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012); Mayer v. State, 309 S.W.3d 552, 555–56 (Tex.Crim.App. 2010). And, the record must contain a factual basis in support of the trial court's determination. See Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.).

Here, the record contains no determination by the trial court of appellant's ability to offset the cost of the legal services provided to him, either at the original plea proceedings or at the adjudication proceedings. To the contrary, the record before us demonstrates, as it did in Wolfe, that appellant was indigent prior to his having pleaded guilty and that the trial court appointed counsel for appellant at that time. See Wolfe,

---

2011, no pet.) (mem. op., not designated for publication) (concluding that assessment of attorney's fees in order of adjudication was improper even though appellant had previously agreed to repay attorney's fees as a condition of community supervision), with Price v. State, No. 10-10-00303-CR, 2012 Tex. App. LEXIS 3321, at *2–10 (Tex.App.—Waco Apr. 25, 2012, no pet.) (mem. op., not designated for publication) (distinguishing between attorney's fees levied as condition of community supervision and those associated with the revocation action; the former being permitted as never challenged at time they were imposed, the latter improper in the absence of evidence of ability to pay).

2012 Tex. App. LEXIS 5368, at *4.  The record also shows that the trial court deemed appellant indigent prior to the hearing on this motion to proceed to adjudication.  Once a criminal defendant has been found to be indigent, we presume he remains indigent for the remainder of the proceedings unless a material change in his financial resources occurs.  See TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012).  Nothing in the record before us suggests a material change in appellant's financial circumstances.

In the absence of any evidence that would demonstrate appellant has the ability to offset the cost of the legal services provided to him, the trial court erred in assessing any amount of attorney's fees against appellant.  See id. art. 26.05(g); Mayer, 309 S.W.3d at 555–56.  Accordingly, we sustain appellant's issue and will modify the judgment to delete the assessment of attorney's fees.  See Mayer, 309 S.W.3d at 557.

During our review of the record, we noted that, while appellant's signature appears several times in the record clearly spelling his given name as "Lavalle" and this is the name which the trial court used to address him, his name is misspelled "Lavelle" on the trial court's order adjudicating guilt.  Appellant has taken no issue with and made no mention of this inconsistency in the spelling of his given name.

This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention from any source.  French v. State, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (en banc); see TEX. R. APP. P. 43.2(b).  An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it for doing so.  See Banks v. State, 708 S.W.2d

11

460, 462 (Tex.Crim.App. 1986).  Therefore, we hereby modify the trial court's order adjudicating guilt to reflect the correct spelling of appellant's given name as "Lavalle."

Conclusion

Having overruled appellant's issue relating to the sufficiency of the evidence but having sustained his issue regarding the trial court's assessment of fees against him, we modify the trial court's judgment of conviction to delete the assessment of attorney's fees in its entirety, modify the trial court's judgment to reflect the proper spelling of appellant's given name as "Lavalle," and affirm the judgment as modified.  See TEX. R. APP. P. 43.2(b).

Mackey K. Hancock
Justice

Publish.