

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00207-CR

_____

DANIEL ANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 23599

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Upon Daniel Anders' entry of an open plea of true[1] to a motion to revoke his community supervision,[2] the trial court sentenced Anders to ten years' confinement. The trial court's judgment also ordered Anders to pay $1,369.00 in court costs, a sum which the district clerk's certified cost bill reflected to include a charge of $775.00 for court-appointed attorney's fees. Anders, who points out that he was found indigent by the trial court during the litigation involving the revocation allegation, maintains that since no subsequent finding was made that he was no longer indigent, he could not be ordered to pay the fees of his court-appointed attorney. We agree and strike the attorney's fees portion of the court costs from the trial court's judgment.

A trial court is authorized to order a defendant to reimburse court-appointed attorney's fees:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "[T]he defendant's resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim.

---

[1]Anders pled true to all but one of the allegations in the motion to revoke, and the trial court found those allegations to be true. Proof of any allegation in a motion to revoke will support a trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 343 (Tex. Crim. App. 2009). A plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.)

[2]In 1993, during the 73rd Legislative Session, the statutory term for probation was changed to "community supervision." Both terms refer to the same process and will be used interchangeably in this opinion. *Ivey v. State*, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

2

App. 2010). However, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012).

The State's motion to revoke was filed October 3, 2012. In an October 9, 2012, order appointing counsel for Anders, the trial court found that Anders was "too poor to employ counsel for his/her defense and [had] requested the appointment" of counsel.[3] The trial court heard testimony on October 30, 2012, and November 28, 2012, ultimately revoking Anders' community supervision and sentencing him to ten years' incarceration.

After the trial court accepted Anders' pleas of true to most of the revocation allegations, a probation officer testified that on occasions, Anders made larger payments than were then due or required towards his fees and costs. Despite these payments, Anders remained delinquent in the amount of $3,136.00 at the time the probation officer testified. Testimony from Anders and his wife established that although Anders had employment as a turbine generator mechanic, which could pay him $1,200.00 to $2,200.00 a week, his employment was rather unpredictable and sporadic. They explained that Anders might be able to work four to six weeks in a row, but then be without employment for a "couple of weeks." In addition, those jobs required Anders to incur the expense of living in hotels or motels as well as other expenses related to living away from his home even as Anders was not relieved of continuing household expenses. Testimony was also

---

[3]On October 30, 2012, after the first day of testimony on the motion to revoke, the trial court authorized Anders' release on a personal recognizance bond. The trial court continued the revocation proceeding for ninety days; however, the matter was reconvened within a month, on November 28, 2012, at which time the trial court heard evidence Anders missed one rehabilitation class since the October 30 hearing. The judgment was entered on November 28, 2012.

adduced that Anders' income (even though characterized by the State as "lucrative") had apparently not been sufficient to permit Anders to fully satisfy his probation fees, fines, and court costs. Later, the State objected to Anders' attorney questioning a witness who had contacted another party about finding a job for Anders, complaining that the defense was "trying to backdoor the fact that he has a job lined up now." The defense attorney answered this objection by telling the trial court that the intention of the line of questioning was, "just to show that he's employable."

The State cites the above pieces of testimony to argue there is a factual basis in the record to support a finding that Anders could pay the fees charged by his appointed attorney. The State directs us to cases where attorney fees were not assessable against the defendants because the records in the respective cases did not contain factual bases to support the trial courts' rulings that such fees be paid.[4] Based on the evidence outlined above, the State argues that the instant record contains sufficient factual bases which could have enabled the trial court to find that Anders possessed the financial resources to pay the assessed $775.00 court-appointed attorney fees. The State reasons that because claims under Article 26.05(g) of the Texas Code of Criminal Procedure are addressed as sufficiency of the evidence claims, the proper standard of review is the established tenet that the evidence is sufficient to support a finding where, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hartsfield v.*

---

[4]*See Cates v. State*, No. PD-0861-12, 2013 Tex. Crim. App. LEXIS 947, at **2–4 (Tex. Crim. App. June 26, 2013); *Johnson v. State*, 386 S.W.3d 347, 354 (Tex. App.—Amarillo 2012, no pet.).

4

*State*, 305 S.W.3d 859, 862–63 (Tex. App.—Texarkana 2010, pet. ref'd) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We do not find that reasoning applicable here.

In each of those cases cited by the State, a finding concerning the existence of indigency had been entered; the question was not whether a finding of indigency existed but, rather, whether sufficient evidence existed to support the finding that was made. Here, there was a specific finding that Anders was indigent, which was entered before the commencement of the revocation hearing; there was another implied finding after the entry of the order of revocation. (The appointment of appellate counsel itself would have necessarily required an implied finding that Anders continued to be indigent at the time the appointment was made.[5]) The State is correct that findings pursuant to Article 26.05(g) can be reviewed to determine if there is sufficient evidence to support them. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g). But even though there were two appointments of attorneys for Anders (one specifically finding him indigent and the other implicitly finding him so) and even though he was presumed to continue in indigency in the absence of a contrary finding, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), no contradictory finding was ever entered. The sufficiency of the evidence to support a finding of indigency is not the matter at issue.

In reviewing of the issue of indigence, we see the chronology of events which follow. In regard to the appointment of trial counsel, there was a finding that Anders was indigent before the revocation hearing. Some evidence of Anders' earning capacity (apparently offered for reasons unrelated to the issue of indigence) was introduced. An order appointing appellate

---

[5]The authority of a trial judge to appoint counsel exists only when the defendant is indigent. TEX. CODE CRIM. PROC. ANN. art. 26.04.

5

counsel was entered after entry of the order revoking Anders' community supervision. We have no evidence before us that a change in Anders' financial circumstances occurred between the appointment of counsel to represent him at the hearing to revoke and the appointment of counsel on appeal. The State invites us to interpret the trial court's order revoking community supervision, which assessed the court costs, including the attorney's fees, against Anders and which is chronologically situated between the two indigence findings, as an implied finding that Anders had escaped indigency long enough to enable him to pay the attorney fees of his court-appointed attorney. We decline the invitation to do so.

Even though the evidence at the hearing may have been the type to enable a trial court to make a factual determination of whether any change in Anders' financial resources had affected his ability to pay, it either chose to not make that determination or it weighed the facts and determined to make no such change. Absent such a finding by the trial court subsequent to the initial finding of indigence, the tendered evidence is not sufficient—standing alone, without a finding of recovery from indigency—to support the assessment of attorney's fees. *See Watkins v. State*, 333 S.W.3d 771, 781–82 (Tex. App.—Waco 2010, pet. ref'd) (error to assess court-appointed attorney's fees against indigent defendant where no evidence of change in ability to pay subsequent to determination of indigency). The post-hearing appointment of counsel on appeal ratified the earlier finding of indigence.

6

We contrast the instant case with *Sturdivant v. State*.[6] There, the trial court held a pretrial hearing on the defendant's indigency. There were significant assets, including cash, that were potentially available to the defendant, but all such assets were tied up in civil litigation; there was also a tax lien encumbering some of the assets. The trial court initially found Sturdivant indigent because her assets, while significant, were unavailable to her at the time the finding was made. However, upon entry of the final judgments of conviction, the trial court made a subsequent finding that Sturdivant's financial resources did allow her to pay all of the assessed court costs—costs which included appointed attorney's fees. *Sturdivant*, 2013 Tex. App. LEXIS 5860, at **59–62. No such contrary finding exists here and, as pointed out previously, the appointment of appellate counsel would belie any hint that the trial court considered Anders to have regained sufficient solvency to have retained counsel.

We modify the trial court's judgment to strike the $775.00 in attorney's fees in the assessed court costs. In all other aspects, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 24, 2013
Date Decided:       July 25, 2013

Do Not Publish

---

[6]*Sturdivant v. State*, Nos. 01-12-00089-CR, 01-12-00184-CR, 2013 Tex. App. LEXIS 5860 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet. h.).