

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00137-CR

---

TIMOTHY BRYAN GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1245376D, Honorable Mollee Westfall, Presiding

---

January 14, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant was convicted of assault causing bodily injury against a family member and placed on deferred adjudication for five years. The State filed a motion to adjudicate appellant guilty after he committed another assault against the same victim in violation of the terms and conditions of his community supervision. After a hearing, he was found guilty and sentenced to ten years confinement. He now appeals that conviction contending 1) the trial court abused its discretion in finding he violated his

probation, and 2) he received ineffective assistance of counsel. We affirm the judgment.

*Background*

Via its motion to adjudicate, the State alleged that appellant "on or about the 29[th] day of June, 2012, in the County of Tarrant and State of Texas, did then and there intentionally or knowingly cause bodily injury to Melanie Ruiz, a member of the defendant's family or household, or a person whose relationship is, or whose association with defendant has been, a continuing dating relationship of a romantic or intimate nature, by pushing or forcing her to the floor with his hand, or by squeezing her neck with his hand." According to the evidence, Ruiz had lived with appellant off and on for several years, and he had fathered their daughter.

At the time of the incident, Ruiz and appellant were not living together. However, she called appellant to come to her house, had second thoughts about the matter, and withdrew the invitation. Apparently, the father of her child was also the subject of a protective order barring him from being in Ruiz' presence. He came over anyway and refused to leave when directed to do so. This resulted in appellant entering the abode through its bathroom window. Thereafter, appellant and Ruiz began arguing. At some point, he grabbed her arms, hit and punched her, pushed her to the ground with his hands, and choked her until she momentarily blacked out. He relented and began to apologize. Yet, the assault began anew and resulted in appellant gaining possession of Ruiz' keys and cell phone. At that point, she went to her bedroom and fell asleep.

Mention of the assault was not made until several days later when Ruiz was arrested at a party after falsely identifying herself to officers there present. Apparently,

she was the subject of an outstanding warrant. At that point, she decided to inform the officers of appellant's attack, and photographs were taken of various bruises and scratches that Ruiz claimed he inflicted upon her.

*Issue One - Insufficient Evidence*

Appellant initially contends that the evidence supporting the decision to adjudicate guilt was insufficient. Furthermore, it was insufficient not because none was proffered but rather because the person who provided it could not be believed. We overrule the issue.

At a hearing on a motion to adjudicate guilt, the trial court is the trier of fact and the arbiter of the credibility of the witnesses. *Johnson v.* State, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.); *Allbright v. State,* 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). In other words, it is free to choose who to believe. That authority is inherent in assessing whether the trial court abused its discretion, the latter being the applicable standard of review. *Johnson v. State*, 386 S.W.3d at 350. Obviously, the trial court opted to believe Ruiz' testimony as outlined above, and we cannot disturb its decision to do so.

In sum, there is of record ample testimony satisfying the State's obligation to prove, by a preponderance of the evidence, the allegation in its motion to adjudicate guilt. The trial court's decision to grant that motion and adjudicate guilt has sufficient evidentiary support.

*Issue Two - Ineffective Assistance of Counsel*

Next, appellant claims he received ineffective assistance of counsel. We overrule the issue.

3

To succeed, appellant was obligated to prove not only that his counsel's performance was deficient but that the deficiency prejudiced him. *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). And, prejudice is established by showing that there is a reasonable probability of a different result had the ineffectiveness not occurred. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Both prongs are elements to the claim, and both must be addressed by the claimant.

Here, appellant focused his attack on the purported deficiencies in the conduct of his trial attorney. Yet, no effort was taken to analyze or describe how there existed a reasonable probability of a different result but for that conduct. Again, it is not enough to show deficient performance; the claimant must also illustrate prejudice. This deficiency alone warrants the denial of his contention. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (overruling a claim of ineffective assistance simply because the complainant made no effort to address the element of prejudice).

We further note that despite the rather extensive criticism levied upon trial counsel by appellant and his new attorney, trial counsel was never afforded the opportunity to defend, explain, or otherwise justify his conduct. This circumstance too bodes in favor of rejecting the claim via this direct appeal. *See Menefield v.* State, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (refusing to find counsel's performance ineffective simply because neither the State nor trial counsel were afforded opportunity to explain why trial counsel failed to object to the only evidence of guilt, which evidence was clearly inadmissible).

That trial counsel pursued a defense found objectionable by his appellate replacement is also insufficient basis to deem his conduct defective. *See Cueva v.*

4

*State,* 339 S.W.3d 839, 877 (Tex. App. – Corpus Christi 2011, pet. ref'd) (holding that counsel is not ineffective because he pursued what another lawyer considers to be poor trial strategy). Thus, trial counsel's effort to show that appellant was not at Ruiz' home on the night in question (and thereby vitiate Ruiz' credibility) rather than try to prove she sought to induce him into violating a protective order is of no consequence.

The allegation that trial counsel's cross-examination of a witness should have been conducted in a different way also does not rebut the presumption that counsel's efforts fell within the wide range of reasonable professional assistance. *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005). Trial counsel may have had a reason to forego certain avenues of examination that may have served to discredit Ruiz while pursuing others.

Finally, appellant's characterization of trial counsel as someone ignorant of the law fails to achieve the desired goal as well. It may well be that the trial court sustained various evidentiary objections levied against the manner in which counsel was examining Ruiz or that trial counsel mistakenly suggested that the State was obligated to prove appellant and Ruiz were in a current dating relationship. Appellant nevertheless failed to explain how the outcome would have differed had those purported mistakes not occurred.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

5