# NOS. 12-13-00284-CR
# 12-13-00285-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONIQUE ANTOINETTE DEVERAUX,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Monique Antoinette Deveraux appeals the trial court's orders revoking her deferred adjudication community supervision.  Appellant was sentenced to imprisonment for four years in each cause for her two convictions of manufacture or delivery of a controlled substance in a drug free zone.  In two issues, Appellant contends that the trial court abused its discretion in not crediting her sentence for the time she served in a Substance Abuse Felony Punishment Facility (SAFPF) and assessing costs against her as attorney's fees.  We modify and affirm as modified.

### BACKGROUND

Appellant was charged by separate indictments with two offenses of manufacture or delivery of a controlled substance in a drug free zone.  She pleaded "guilty" to each charged offense.  The trial court deferred finding Appellant "guilty" and placed her on community supervision for ten years in each cause.  As a condition of Appellant's community supervision, the trial court ordered that she serve a term of at least ninety days of confinement and treatment at a SAFPF and, thereafter, participate in a drug or alcohol abuse continuum of care treatment plan (aftercare program) until discharged from the aftercare program.

On July 9, 2013, the State filed a motion to proceed to final adjudication in each cause alleging that Appellant had violated certain terms and conditions of her community supervision. One allegation the State made was that Appellant failed to participate in the aftercare program as ordered.

On August 19, 2013, the trial court conducted a hearing on the State's motion. At the commencement of the hearing, Appellant pleaded "not true" to the allegations. Following the presentation of evidence, the trial court found that Appellant violated the terms and conditions of her community supervision as alleged in the State's motion. Thereafter, in each cause, the trial court adjudicated Appellant "guilty" of manufacture or delivery of a controlled substance in a drug free zone, revoked Appellant's community supervision, and sentenced Appellant to imprisonment for four years. Despite Appellant's request, the trial court refused to credit Appellant's sentences with the time she served in the SAFPF.[1] The trial court further ordered that Appellant pay court costs. These appeals followed.

## CREDIT FOR TIME SERVED IN SAFPF

In her first issue, Appellant argues that the trial court abused its discretion in denying her request for credit against her sentences for the amount of time she served in the SAFPF. The State filed a letter brief in which it agreed with Appellant's contention.

**Standard of Review and Governing Law**

We review decisions made by the trial court regarding the revocation of community supervision for an abuse of discretion. *See* ***Johnson v. State***, 386 S.W.3d 347, 349 (Tex. App.–Amarillo 2012, no pet.). The trial court abuses its discretion when it applies an erroneous legal standard, or when no reasonable view of the record could support its conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion. *See* ***Lanum v. State***, 952 S.W.2d 36, 39 (Tex. App.–San Antonio 1997, no writ). The trial court has broad discretion over the revocation and modification of community supervision. *See* ***Becker v. State***, 33 S.W.3d 64, 66 (Tex. App.–El Paso 2000, no pet.).

Texas Code of Criminal Procedure, Article 42.12, Section 23(b) states as follows:

---

[1] The record reflects that Appellant served 272 days in the SAFPF from September 4, 2012, until June 3, 2013. The trial court credited Appellant 265 days for the time she served in jail.

> No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

TEX. CRIM. PROC. CODE ANN. art. 42.12, § 23(b) (West Supp. 2013).

The Thirteenth Court of Appeals considered this issue under similar facts in *Woodard v. State*, No. 13-09-00694-CR, 2011 WL 2732669, at *3–4 (Tex. App.–Corpus Christi July 14, 2011, no pet.) (mem. op., not designated for publication). There, the court of appeals considered the language used in Section 23(b) and noted that the legislature required the substance abuse program to be completed in "that facility." *Id.* at *3. The court concluded from this language that the legislature did not intend that a defendant was required to successfully complete treatment in a subsequent program in order to receive credit for the completion of the first program. *Id.* (citing *Burke v. State*, Nos. 03-09-00543-CR, 03-09-00544-CR, 2010 WL 3431675, at *4 (Tex. App.–Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication)). Based on our reading of Section 23(b), we agree with the conclusion of our sister court in *Woodard* and likewise hold that Section 23(b) does not require that a defendant successfully complete treatment in a subsequent program to receive credit on her sentence for time served in a SAFPF. Accordingly, we hold that the trial court abused its discretion in failing to credit Appellant's sentences with the time she served in the SAFPF. Appellant's first issue is sustained.

## ATTORNEY'S FEES

In her second issue, Appellant argues that, because she is indigent, the trial court improperly assessed $300.00 in court costs as attorney's fees against her in each cause. In its letter brief, the State concedes that the assessment of attorney's fees in these causes is improper.

The judgment of conviction reflects that the trial court assessed $678.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $678.00. The certified bill of costs itemizes the court costs imposed, which also total $678.00.

The record reflects that the trial court determined Appellant was indigent in each cause, and there is no evidence to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. As a result, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010); *Wolfe v. State*, 377 S.W.3d 141, 146 (Tex. App.–Amarillo 2012, no pet.). Therefore, we hold that the trial court abused its discretion in assessing costs as attorney's fees against Appellant. Appellant's second issue is sustained.

## CONCLUSION

We have sustained Appellant's first and second issues. Accordingly, we modify the trial court's judgment in each cause to reflect that the time credited against Appellant's sentence is 537 days. *See* TEX. R. APP. P. 43.2(b). Furthermore, we modify the trial court's judgment in each cause to reflect that the amount of court costs is $378.00. *Id.* We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $378.00. *See, e.g., Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.–Amarillo 2010, no pet.). We ***affirm*** the trial court's judgment as ***modified***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2014**

**NO. 12-13-00284-CR**

**MONIQUE ANTOINETTE DEVERAUX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0137-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the time credited against Appellant's sentence is 537 days and that the amount of court costs is $378.00; that Attachment A be modified to reflect that the total amount of "court costs, fees and/or fines and/or restitution" is $378.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2014**

**NO. 12-13-00285-CR**

**MONIQUE ANTOINETTE DEVERAUX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0138-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the time credited against Appellant's sentence is 537 days and that the amount of court costs is $378.00; that Attachment A be modified to reflect that the total amount of "court costs, fees and/or fines and/or restitution" is $378.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*