

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00063-CR

WAYLON HOWARD SKINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 51,845-A, Robert P. Brotherton, Presiding

May 22, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Waylon Howard Skinner pled guilty to aggravated assault causing bodily injury and, pursuant to a plea bargain, was placed on deferred adjudication for ten years. The State subsequently moved to proceed with the adjudication of his guilt and alleged six different violations of the terms and conditions of appellant's community supervision. The motion was subsequently heard, and appellant pled true to five of the six alleged violations. Upon hearing evidence, the trial court found all of the allegations to be true, adjudicated appellant's guilt, and sentenced him to twelve years confinement. Appellant

argues that the evidence is insufficient to support the allegation to which he failed to plead true. We affirm the judgment.

Our review of an order adjudicating guilt is ordinarily limited to determining whether the trial court abused its discretion in determining that appellant violated the conditions of community supervision. *Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.). Furthermore, proof of only one violation is enough to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that proof of a single violation will support revocation of probation).

Here, appellant asserts that the State failed to prove the allegation to which he pled not true. Yet, he does not deny pleading true to the other five violations alleged in the motion to adjudicate guilt. Nor does he attack those pleas of true now or the trial court's findings that the other five allegations were proven true. And, given that proof of only one violation supports a decision to adjudicate guilt, we cannot say that the trial court abused its discretion in granting the State's motion, adjudicating appellant's guilt, convicting appellant, and sentencing him.

Accordingly, the sole issue before us is overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

2