

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00431-CR

OSCAR LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court No. 7583, Honorable Steven R. Emmert, Presiding

May 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Oscar Lopez was convicted of felony driving while intoxicated in 2008, after pleading guilty, and placed on probation for six years. In 2013, the State filed a motion to revoke his probation alleging multiple probation violations. After a hearing, the trial court revoked appellant's probation, sentenced him to six years confinement, and levied a fine of $2,500. Before us, he contends the trial court abused its discretion. We affirm.

Appellant pled true to several of the allegations contained in the motion to revoke. He further testified that the probation officer told him that "everything would be

fine" if he paid a fine and restitution related to a different offense committed while on probation. That the probation officer allegedly uttered the foregoing statement barred the trial court from revoking his probation, according to appellant. We disagree.

We review the trial court's decision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Furthermore, a trial court does not abuse its discretion in deciding to revoke probation if the State proved the defendant violated at least one condition of probation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that the State need only prove the violation of one condition of probation). That appellant violated several conditions of his probation is uncontested, as is his admission to committing those violations. Thus, the trial court had the authority to revoke his probation.

As for the purported representation by appellant's probation officer, we note that the trial court is the sole judge of the credibility of the witnesses. *Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.). Consequently, it was empowered to disbelieve that aspect of appellant's testimony. Furthermore, appellant cites us to no case or statute indicating that utterances of a probation officer, even if clear and direct, bind the State or somehow estop the local prosecutor from exercising its discretion to seek revocation.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.

2