**Affirmed as Modified; Opinion Filed July 16 , 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00936-CR

### BEDROS NOBAR MINASSIAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

## On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-0854609-P

## MEMORANDUM OPINION
Before Justices Lang, Brown and Whitehill
Opinion by Justice Lang

This is an appeal from a judgment revoking community supervision. In July 2008, Bedros Nobar Minassian was convicted of third degree felony driving while intoxicated and placed on community supervision for five years. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014). On the State's motion, the trial court revoked Minassian's community supervision and sentenced him to nine years' imprisonment. In two issues, Minassian asserts the State failed to meet its burden of proving he violated the terms of his community supervision. We affirm the trial court's judgment.

# I. BACKGROUND

The State moved to revoke Minassian's community supervision in June 2012 based on alleged violations in February 2012 of certain terms of community supervision. The State amended its motion four times and proceeded at the revocation hearing on allegations in its March 3, 2013 motion that Minassian violated, "on or about February 12, 2012 through February 19, 2012," condition (g), requiring, in relevant part, he obtain written permission from the trial court or supervising officer before traveling outside Dallas County, and violated, "on or about February 12, 2012 and the week to follow," condition (q), requiring he not drive unless the car is equipped with a deep lung breath analysis mechanism.[1] The State did not call Minassian's supervision officer as a witness. However, Mauricio Pacheco, the custodian of business records for the community service supervision and corrections department testified that the terms of community supervision included Minassian not travel outside Dallas County without written permission and that he not drive a car that was not equipped with a deep lung breath analysis mechanism or interlock device. Pacheco also testified nothing in Minassian's paper or electronic file reflected Minassian had obtained written permission to travel outside the county, but he could have received verbal permission.

The State also called Secret Service special agent Troy Sarria and Minassian's friends James Epstein and Anna Saenz-Taylor. These witnesses testified they had seen Minassian driving without the required interlock device on more than one occasion. Sarria specifically recalled seeing Minassian drive without the device in 2012 on a day when it was "warm outside," and Epstein specifically recalled seeing Minassian drive without the device in February 2012. According to Epstein, he and Minassian drove from Chicago to Dallas during that month.

---

[1] The State also alleged he violated condition (a), prohibiting him from violating state laws, condition (j), requiring him to pay community supervision fees, and condition (o), prohibiting him, in part, from consuming alcohol. The parties do not dispute the State abandoned these allegations.

Minassian did not call any witnesses. but offered, without objection, the district clerk's computer log of the trial court's activity as an exhibit. This exhibit reflected that on January 5, 2010, the trial court signed an "interlock removal order."[2]

## II. MOTION TO REVOKE

Minassian's two issues assert the State's proof had "numerous holes" and did not satisfy the required preponderance of the evidence standard. Specifically, he contends the State failed to (1) ask the trial court to take judicial notice of its file; (2) establish he was the same person who had been convicted and placed on probation; (3) establish he was served with the community supervision terms or "even what [those terms] were;" and (4) establish any violation occurred during the alleged time frame. He further asserts, with respect to the allegation that he violated condition (q) by driving without the required interlock device, that the district clerk's log of the trial court's activity specifically showed the trial court ordered removal of the device. With respect to the allegation that he violated condition (g), he asserts also that the State failed to "offer the probation file into evidence or bring[] a supervision officer who had actually supervised [his] probation."

### A. Applicable Law and Standard of Review

An appellate court reviews a trial court's order revoking community supervision for abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Because the trial judge is the sole judge of the witnesses' credibility and the weight to give the evidence, in determining whether the trial court abused its discretion, an appellate court reviews the evidence in the light most favorable to the order. *See id.*; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App.

---

[2] This order is contained in the clerk's record and states removal of the interlock device was authorized because Minassian's car "was inoperable."

[Panel Op.] 1981)).  An appellate court will conclude the trial court abused its discretion if the State failed to meet its burden of proving by a preponderance of the evidence that the probationer violated the terms of community supervision.  *Lee*, 952 S.W.2d at 897.  The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the probationer violated the terms of community supervision during "a time period anterior to the filing of the motion to revoke and within the period of probation."  *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).  Because the execution of the sentence of a probationer is delayed contingent upon the successful completion of the community supervision conditions, a probation revocation hearing is an extension of the original sentencing hearing, and proof of the judgment of conviction and terms of community supervision is unnecessary.  *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex. Crim. App. 1993).  The State must still prove the probationer's identity, but failure to do so will not result in error on appeal unless the probationer raises the issue at trial.  *Id; Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.) (citations omitted).  When, as here, the State's motion to revoke alleges multiple violations of the terms of community supervision, proof of any one of the alleged violations is sufficient to support the revocation order.  *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

*B. Application of Law to Facts*

Minassian argues the State had to offer his file into evidence or call his supervision officer in order to establish the terms of community supervision and that he was served with those terms and establish either of the alleged violations occurred during the time period alleged. However, the State's burden was to prove by a preponderance of the evidence that Minassian violated condition (g) or condition (q) prior to the June 2012 filing of the motion to revoke and

within the five-year period of probation that began in July 2008. *See Smith*, 286 S.W.3d at 342; *Diaz*, 516 S.W.2d at 156; *Lee*, 952 S.W.2d at 897. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the State met its burden. Minassian's identity was not at issue at trial, and Pacheco's and Epstein's testimonies established Minassian traveled outside Dallas County without written permission. Their testimony "created a reasonable belief" that Minassian violated condition (g) of the terms of community supervision and was sufficient to support the trial court's order revoking Minassian's community supervision. We decide Minassian's issue challenging the State's proof with respect to the allegation that he violated condition (g) against him. In light of this, we do not address his issue challenging the State's proof with respect to condition (q). *See Smith*, 286 S.W.3d at 342.

### III. MODIFICATION OF JUDGMENT

We note the judgment incorrectly recites that Minassian pleaded true to the allegations in the motion to revoke and that the trial court found Minassian violated the conditions of community supervision as set out in the "State's Original Motion to Revoke Community Supervision." Because an appellate court has the authority to modify an incorrect judgment to make the record speak the truth, we modify the judgment to reflect Minassian pleaded not true and was found to have violated the conditions of community supervision as set out in the State's March 3, 2013 "Motion to Revoke Community Supervision." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

# IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130936F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BEDROS NOBAR MINASSIAN, Appellant

No. 05-13-00936-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0854609-P.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment as follows:

(1) in the section entitled "*Plea to Motion to Revoke:*," the plea of "**TRUE**" is replaced with "**NOT TRUE**;" and,

(2) the statement in the judgment that "The Court **FINDS** Defendant has violated the conditions of community supervision as set out in the State's **ORIGINAL** Motion to Revoke Community Supervision as follows:

See attached Motion to Revoke Community Supervision."

is replaced with "The Court **FINDS** Defendant has violated the terms of community supervision as set out in the State's March 3, 2013 Motion to Revoke Community Supervision."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 16th day of July, 2015.