PD-1091-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/18/2015 4:56:01 PM
Accepted 12/19/2015 11:39:12 AM
ABEL ACOSTA
CLERK

CAUSE NO. PD-1091-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

* * * * *

BEDROS NOBAR MINASSIAN, Petitioner / Appellant

VS.

THE STATE OF TEXAS, Respondent / Appellee

* * * * *

On Petition from a Decision of the Court of Appeals
for the Fifth District of Texas, Dallas Division
in Cause No. 05-13-00936-CR

---

MOTION FOR REHEARING OF
PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, BEDROS NOBAR MINASSIAN, the Petitioner / Appellant, and pursuant to Rule 79.1 of the Texas Rules of Appellate Procedure files this his Motion for Rehearing of the Petition for Discretionary Review timely filed on September 16, 2015. In support of said motion, counsel would show the following substantial intervening circumstances for the granting of Petitioner's Motion for Rehearing:

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 18, 2015

ABEL ACOSTA, CLERK

1

## I.

The Court of Appeals reviewed the transcript and some of the evidence (the Petitioner's "probation file" was offered and allowed into evidence over the Petitioner's objection, but was not made part of the appellate record) of the Trial Court's proceeding and determined that the State met its burden of proving that the Petitioner violated the terms of his community supervision.

## II.

### GROUNDS FOR REVIEW

1. The Court of Appeals erred in upholding the Trial Court's finding where there was <u>no</u> evidence that the person before the Court was the same person that was placed on probation.

2. The Court of Appeals erred in upholding the Trial Court's finding that the State met its burden of proving that the Petition violated the terms of his community supervision by traveling outside Dallas County without having first obtained written permission by admitting "into" evidence an unmarked probation file under the guise of a custodian of the business record exception to the hearsay rule.

## III.

### REASONS FOR REHEARING

The basis of the Petitioner's Motion for Rehearing is the Court's failure to apply the proper standard. The Court relied on *Johnson v. State*, 386 S.W.3d 347

2

(Tex.App.-Amarillo 2012, no pet.) in stating that the Petitioner waived his challenge to the identity issue. The proper standard would have been the "no evidence" standard set out in *Cobb v. State*, 851 S.W.2d 871 (Ct. Crim. App. 1993). The Court of Criminal Appeals in *Cobb* clearly demonstrates that identity is an element that must be affirmatively proved.

## IV.

## ANALYSIS

The Appellate Court ruled that "the State must still prove the probationer's identity but failure to do so will not result in error on appeal unless the probationer raises the issue at trial." *Johnson v. State*, 386 S.W.3d 347, 350 (Tex.App.-Amarillo 2012, no pet.). However, the Appellate Court relied on the wrong legal standard. The proper standard is a "no evidence" standard. Where, as here, the Trial Court had no evidence that the Defendant before it was the same Defendant who was placed on probation and given the Conditions of Probation in 2008. The proper Appellate Court ruling should be reversal. Especially where the Court of Criminal Appeals explicitly addresses the necessity of proving the violation. *Cobb v. State*, 851 S.W.2d 871 (1993).

The Appellate Court cites *Johnson* as standing for the premises that failure to raise identity waives the issue. That is not accurate. *Johnson* states "the record here, therefore contains evidence to support the Trial Court's conclusion that the State established by a preponderance of the evidence that the appellant is the individual

3

who was placed on community supervision by order signed April 23, 2003, for murder in trial court cause number 44,703-B ... The Trial Court did not abuse its discretion by finding that a preponderance of the evidence established that appellant was the individual subject to the terms and conditions of the 2003 order placing him on community supervision."

There was no evidence at the revocation hearing to establish that the man in court is the same man given the conditions of probation and placed on probation in 2008. Especially absent the testimony from the Petitioner's Probation Officer.

Without the file that was discussed, there is no way to know exactly what was done or not done by the Community Supervision Officer vis-a-vis its Probationer. What can be said with certainty is that the testifying witness, Mr. Pacheco, had no personal or first-hand knowledge regarding the Petitioner. Therefore, his hearsay testimony has no evidentiary value as to any of the elements of the alleged violation of traveling outside the county. Merely because the probation revocation proceedings are not a jury trial does not excuse the State or the Trial Court from following evidentiary rules and the law. Mr. Pacheco gave hearsay from "duplicates" (unknown originals) in a probationer's file, a file that was never offered into evidence, much less marked and numbered as an exhibit. Further, that file appeared to be, in part, a paper file and, in part, a computer file. Finally, nothing from that file made its way into the record for the Trial Court or the Appellate Court to review. As such, Mr. Pacheco's improper hearsay testimony can only be treated as having <u>no</u> evidentiary value.

Therefore, the State's proof of a violated probation condition fails as a matter of law under the no-evidence standard.

This Court must insist by its rulings that courts follow rules and that people not be sent to prison when the courts fail to follow those rules. A review of the Appellate Court's ruling will clarify and reinforce a trial court's necessity of following the law in probation revocation proceedings.

## **PRAYER FOR RELIEF**

The Petitioner respectfully prays that this Court grant this Motion for Rehearing of Petition for Discretionary Review, after briefing and argument, reverse the Court of Appeals' opinion, and reinstate his probation.

Respectfully submitted,

*/s/ Thomas G. Pappas*

_____
THOMAS G. PAPPAS
TEXAS BAR CARD No.15455300
BURLESON PATE & GIBSON, L.L.P.

900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: tpappas@bp-g.com

COUNSEL FOR PETITIONER /
APPELLANT BEDROS NOBAR
MINASSIAN

CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was delivered via electronic filing and/or certified mail, return receipt requested to the following:

Susan Hawk                                              Lisa C. McMinn
Dallas County District Attorney's Office                State Prosecuting Attorney
133 N. Riverfront Blvd., LB 19                           P.O. Box 13046
Dallas, Texas 75207                                      Austin, Texas 78711

DATED the 18th day of December, 2015.

*/s/ Thomas G. Pappas*

_____
THOMAS G. PAPPAS