**Raymond Danny DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49330.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

T. M. Reid, Abilene, for appellant.

Ed Payner, Dist. Atty., and James H. Smart, Jr., Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. The record reflects that on

June 20, 1973, the appellant pled guilty before the court to the offense of burglary with intent to commit theft and was assessed punishment of two (2) years' confinement. The imposition of the sentence was suspended, and the appellant was placed on probation subject to certain conditions of probation, among which were:

"a. Commit no offense against the laws of this State or any other State or the United States;

. . . . . .

"f. Work faithfully at suitable employment as far as possible."

On May 8, 1974, the State filed a motion to revoke probation alleging that appellant had failed to work faithfully at suitable employment as far as possible, and further alleged two violations of the aforesaid condition (a) as follows:

"that: (1) said probationer, Raymond Danny Diaz, on or about January, 1974, in the County of Taylor and State of Texas, did then and there intentionally and knowingly engage in deviate sexual intercourse with Robert McNeill a male child younger than seventeen years and not then the spouse of the said Raymond Danny Diaz by then and there placing his genitals in contact with the anus of Robert McNeill, with the intent then and there to arouse and gratify the sexual desire of Raymond Danny Diaz;[1]

"(2) said probationer, Raymond Danny Diaz, on or about January, 1974, in the County of Taylor and State of Texas, did then and there knowingly and intentionally engage in sexual contact with Robert McNeill, a male child younger than seventeen years and not then the spouse of the said Raymond Danny Diaz, by touching the anus of the said Robert McNeill with the intent to arouse and gratify the sexual desire of the said Raymond Danny Diaz."[2]

At the hearing on the motion to revoke probation on May 24, 1974, the State offered into evidence appellant's extrajudicial confession given on May 10, 1974, that he had sexual intercourse with Robert McNeill about five times. No date was given as to these occurrences. McNeill, twelve years old, testified he had known the appellant about a year and "about January" appellant in Kirby Park had exposed himself and had placed his penis in his (McNeill's) rectum. On cross-examination he related that this had also occurred "about two times" at appellant's home. On redirect he acknowledged that "this started in about January" and he told his parents about the same in March.

The probation officer testified that he had "quite a lot of difficulty out of him about his employment;" that the appellant lost his job at the Timex plant because he was away from his employment two weeks because of the flu and would not bring a doctor's statement to this effect to his employer. He also related he had contacted four different firms and secured positions for the appellant, but that the appellant would not report to these places and told him he (appellant) didn't want to work. He acknowledged that when he arrested the appellant following the filing of the motion to revoke he discovered the appellant was working at an elementary school.

Appellant did not testify, but called Joe Hughes, custodian at the Lee School, who testified the appellant had been working at the school "about three weeks" prior to his arrest. His mother testified he had quit his Timex job because of the lack of transportation, had been looking for a job, and was employed when arrested. His sister testified she had taken the appellant to several places to make application for employment and that he worked a month or longer at Oscar Rose Park and was a good employee.

1. State's brief states that this allegation in the revocation motion was to allege a violation of V.T.C.A., Penal Code, Sec. 21.10.

2. State's brief contends this alleged a violation of V.T.C.A., Penal Code, Sec. 21.11.

At the conclusion of the hearing the court revoked the probation on all three grounds alleged.

Initially, we shall consider appellant's contention that the court abused its discretion in revoking probation since the motion to revoke probation alleged in its first two counts only that the offenses occurred "on or about January, 1974" and did not allege any specific time in order to allow him to prepare an adequate defense such as "alibi, etc." Prior to the hearing the appellant filed a motion to quash the revocation motion on this ground and it was denied.

■ It has been repeatedly held that where revocation is based upon a violation of the probationary condition not to violate the law the allegations of the motion to revoke need not be as precise as those of an indictment, but should give fair notice and allege a violation of the law. Vance v. State, 485 S.W.2d 580 (Tex.Cr.App.1972); Gamble v. State, 484 S.W.2d 713 (Tex.Cr. App.1972); Jansson v. State, 473 S.W.2d 40, 42 (Tex.Cr.App.1971); Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970).

■ The first two counts of the revocation motion allege violations of the law with the only claimed deficiency being as to the date. The "on or about January, 1974" date allegation clearly shows a time period anterior to the filing of the motion to revoke and within the period of probation. The complaining witness was only twelve years old, and his testimony reflected the offenses occurred "about January." While it would have been better practice to allege a specific date, it appears the State could not allege a more specific date in light of the evidence available to it. The court did not abuse its discretion in overruling the motion to quash or revoking probation on the first two counts. See and compare Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971). See also and cf. Article 21.02, Sec. 6, note # 22, Vernon's Ann.C.C.P.; Ex parte Heck, 434 S.W.2d 855 (Tex.Cr.App.1968); Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960).

Appellant relies upon Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972). His reliance is misplaced. There, the revocation motion only alleged "[t]hat on or about October 7, 1971, and October 8, 1971, the defendant violated paragraphs (a), (b) and (c) of his Conditions of Probation." This court held that such pleadings did not give the defendants (Burkett and Rogers) fair notice of the *conduct or acts* for which the State intended to offer evidence to prove a violation of probationary conditions. Such is not the case at bar.

■■ Appellant also appears to contend the evidence is insufficient to show a violation of a penal offense or offenses. He contends the State relies upon an oral confession and that the testimony of McNeill was conflicting. First, we observe that the confession was in writing, and we do not deem the evidence of McNeill to be conflicting. Further, we observe that it is well established that in revocation of probation hearings the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given the testimony. Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971), and cases there cited.

Biddy v. State, 501 S.W.2d 104 (Tex.Cr. App.1973), relied upon by the appellant, is clearly distinguishable upon its facts.

■ Appellant's contention that the court abused its discretion in revoking probation since there had been no final conviction in a court of competent jurisdiction for the sex offenses alleged prior to the revocation hearing is without merit. See Article 42.12, note 28.8, Vernon's Ann.C.C. P.; Vance v. State, 485 S.W.2d 580, 583 (Tex.Cr.App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Armstrong v. State, 472 S.W.2d 150 (Tex.Cr. App.1971); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970), and cases there cited.

We need not consider appellant's other contention that the evidence was insufficient to show he failed to work faithfully at suitable employment as far as possible

157

since the other evidence is sufficient to show a violation of a probationary condition sufficient to support the revocation order. The court did not abuse its discretion.

The judgment is affirmed.