Affirmed and Memorandum Opinion filed January 11, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00642-CR



 

MILTON ALEXANDER CALLES, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 240th
District Court 

Fort Bend County, Texas

Trial Court Cause No. 41358



 

MEMORANDUM OPINION

In a
single issue, appellant, Milton Alexander Calles, contends the trial court
erred by revoking his probation.  Because the dispositive issues are clearly
settled in law, we issue this memorandum opinion. 
See Tex. R. App. P. 47.4.  We affirm.  

I.   Background

In 2006,
appellant was convicted of aggravated kidnapping and sentenced to ten years’
imprisonment.  Imposition of the sentence was suspended, and appellant was
placed on adult probation for ten years.  In 2009, the State filed a motion to
revoke appellant’s probation.  The trial court found the allegations in the
motion were true, signed a revocation order, and sentenced appellant to ten
years’ imprisonment.

II.   Analysis

Appellant
contends the trial court erred by revoking his probation because the evidence
is insufficient to support the trial court’s finding that he violated the terms
of probation.  

A.        Standard of
Review

Our
review of the trial court’s order revoking probation is limited to determining
whether the trial court abused its discretion. 
Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).  When a
trial court finds several violations of probationary conditions, we affirm the
order revoking probation if the proof of any single allegation is sufficient.  See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Similar to the traditional legal-sufficiency analysis,
we view the evidence in the light most favorable to the decision to revoke.  See
Hart v. State, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref’d). 
The trial court is the sole trier of the facts, the credibility of the
witnesses, and the weight to be given the witnesses’ testimony.  Diaz v.
State, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).  The State has the
burden to establish by a preponderance of the evidence that the defendant
committed a violation of the terms and conditions of community supervision.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  When the State fails
to meet its burden, it is an abuse of discretion for the trial court to issue a
revocation order.  Id. at 493–94.  

B.        Analysis

            One condition
of appellant’s probation was that he “[c]ommit no offense against the laws of
this State or of any other state of the United States.”  During the revocation
hearing, Cecilia Gomez testified that appellant struck her in the eye on
November 2, 2008.[1] 
A police officer testified that, when he spoke with Gomez later that evening,
her eye was swollen shut and she stated appellant had struck her in the eye.  Appellant
also admitted at the hearing that he struck Gomez in the eye.  This testimony supports
by a preponderance of the evidence the trial court’s finding that appellant
violated a condition of his probation by assaulting Gomez.  See Tex.
Penal Code Ann. § 22.01(a)(1) (West Supp. 2009) (defining crime of assault). 
Accordingly, we conclude that the trial court did not abuse its discretion by
revoking appellant’s probation and sentencing him.  

We
overrule appellant’s sole issue and affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

 

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant argues that certain evidence rendered Gomez’s testimony untrustworthy. 
However, the trial court was the sole judge of Gomez’s credibility.  See Diaz,
516 S.W.2d at 156.  Therefore, we must defer to the trial court’s implied
finding that Gomez was credible.