In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00479-CR
NO. 09-13-00480-CR

**AARON CHARLES HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-13969, 12-14110**

## MEMORANDUM OPINION

Appellant Aaron Charles Hill raises two appellate issues challenging the revocation of his community supervision and the alleged assessment of a fine in the written judgments without an oral pronouncement of a fine. We affirm the trial court's judgments.

Hill pleaded guilty to theft and evading arrest. In both cases, the trial court found the evidence sufficient to find Hill guilty, but deferred further proceedings,

1

placed Hill on community supervision for three years, and assessed a fine of $500. The State subsequently filed a motion to revoke Hill's unadjudicated community supervision in both cases.[1] In each case, Hill pleaded "not true" to the three violations of the conditions of his community supervision. Count one of the motion to revoke alleged that Hill violated the condition which required him not to violate any state or federal law.

The trial court conducted an evidentiary hearing. Rene Coward testified that on September 1, 2013, she went outside to investigate her dog's barking, and she saw Hill "beating on" a telephone pole and pulling it down. Coward contacted the police. Coward denied seeing Hill carrying anything, and she indicated that the police arrived within approximately five minutes after she called.

Officer Michael Garris testified that he responded to the call concerning a possible theft. Upon arriving at the scene, Officer Garris saw Hill and another male, asked them to identify themselves, and told them he was investigating an alleged theft of equipment from a telephone pole. According to Officer Garris, Hill and the other man were in possession of items Officer Garris believed might have come from the telephone pole. Officer Garris explained as follows:

> The two men were standing in front of two vehicles with the hoods up. It seemed like they had two wooden al[]uminum clamps with the tips taken

---

[1]Hill contends that the motions to revoke his community supervision are not contained in the appellate records of the cases. Although the motions to revoke do not appear in the index of either of the clerk's records, the clerk's record in each case does contain the State's written motion to revoke immediately following the judgments adjudicating guilt.

off and put on . . . the batteries of both vehicles. Strung between the negative -- or the positive was a makeshift line of clothes hangers, and then strung between the other one was a rigid copper line that he was using to attempt to jump off the vehicle.

Officer Garris testified that when he asked Hill about the copper wiring, Hill rolled the wiring up in his hand, showed Officer Garris several pieces of small electrical equipment he had stripped at his residence, and told Officer Garris he had obtained the copper wire from stripping the equipment. Officer Garris explained that all of the equipment Hill showed him was small and "wouldn't have had that type of copper inside." Officer Garris contacted Entergy, asked Entergy to identify the pole and the wire, and asked Entergy about filing charges for theft of the copper from the telephone pole. Officer Garris explained that Entergy's representative identified the wire as being from a telephone pole and advised that Entergy wanted Hill arrested.

Wilton Netterville of Entergy testified that he responded to a call from the Beaumont Police Department regarding "[s]ome copper being stolen off our poles." Netterville went to the scene and examined some copper wire that had been cut into short pieces and rolled up, and he testified that the wiring appeared to be grounding wire that Entergy uses "on grounding telephone poles[.]" Netterville explained that no one other than someone working for Entergy had permission to tamper with or to take the copper wiring.

Hill testified that a friend's car had broken down in front of his home, and he offered to "give him a jump." Hill explained that when Coward was in her yard, he asked

3

her if she had any jumper cables, and she responded that she did not. Hill testified that he returned to his home and hit the telephone pole with a coat hanger, but he denied removing any wire from the telephone pole. After the evidentiary hearing, the trial court found that Hill violated a condition of his community supervision as alleged in count one of the motions to revoke, found Hill guilty of theft and evading arrest, assessed punishment at two years of confinement in a state jail facility in each case, and ordered that the sentences would run consecutively.

In his first appellate issue, Hill contends the evidence was insufficient to support revocation of his community supervision. We review a trial court's order revoking community supervision for abuse of discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A claim of insufficient evidence is limited to the traditional legal-sufficiency analysis, in which we review the evidence in the light most favorable to the decision to revoke. *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). In community supervision revocation cases, the State has the burden to establish by a preponderance of the evidence that the appellant violated the terms and conditions of community supervision. *Cardona*, 665 S.W.2d at 493. Under the preponderance-of-the-evidence standard, the evidence is sufficient when the greater weight of credible evidence before the trial court supports a reasonable belief that the defendant has violated a condition of community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a revocation proceeding, the trial judge is

the sole trier of facts, the credibility of witnesses, and the weight to be given to witnesses' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

Coward testified that she saw Hill striking a telephone pole and pulling it down. Officer Garris testified that Hill was in possession of copper wire that could not have come from the sources Hill claimed. Netterville testified that the copper wire belonged to Entergy and only Entergy employees were authorized to tamper with the wire. We must defer to the trial court's resolution of conflicting evidence. *See id.*; *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974). The State met its burden of proving by a preponderance of the evidence that Hill violated the terms of his community supervision. *See Rickels*, 202 S.W.3d at 764; *Cardona*, 665 S.W.2d at 493. We conclude that the evidence is sufficient to support the trial court's judgment revoking appellant's community supervision and adjudicating his guilt. *See Rickels*, 202 S.W.3d at 764; *Cardona*, 665 S.W.2d at 493. Accordingly, we overrule issue one.

In his second issue, Hill argues that the trial court erred by including a fine in the judgments adjudicating his guilt without orally pronouncing a fine. Hill's argument concerning the judgments is factually incorrect. In each case, the area on page one of the judgment, after the word "Fine[,]" is blank, and page two of each judgment states that the court orders the defendant punished "as indicated on page 1." The only place the judgments refer to a fine is in a reference on page two to the imposition of a $500 fine when the trial court originally deferred finding Hill guilty and instead placed him on

5

deferred adjudication community supervision. We overrule Hill's second issue and affirm the trial court's judgments.

      AFFIRMED.


                                 _____
                                      STEVE McKEITHEN
                                         Chief Justice


Submitted on June 25, 2014
Opinion Delivered July 9, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.