

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00181-CR

**JESUS MIROLA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F46009**

## MEMORANDUM  OPINION

Jesus Mirola pled guilty to two of three felony counts that he was charged with by indictment, with the State abandoning count two.  Mirola received ten years' deferred adjudication community supervision on the counts of indecency with a child by contact (count one) and indecency with a child by exposure (count three).  The State moved to proceed with an adjudication of guilt, alleging numerous violations by Mirola of his community-supervision conditions.  After a hearing in which Mirola pled "not true" to the allegations, the trial court found all of the alleged violations to be "true," adjudicated

Mirola guilty on each count, and revoked Mirola's community supervision. The trial court assessed punishment on count one at twenty years' imprisonment and on count three at ten years' imprisonment, probated for ten years' community supervision with attendance at the Intermediate Sanctions Facility a condition of community supervision.

Mirola appeals, asserting in his sole issue that the trial court abused its discretion in adjudicating him guilty and in imposing a "dual sentence." We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Leonard v. State,* 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). The "trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id.* The State is required to show only a single violation to support the trial court's order revoking community supervision. *Smith v. State,* 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Ex parte Tarver,* 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); *Diaz v. State,* 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).

A sufficiency issue is not an independent ground in an appeal of a revocation order, but is incorporated into a determination of whether the trial court abused its discretion. *Brumbalow v. State,* 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). When the sufficiency of the evidence to support the trial court's order is challenged,[1] we review the evidence in the light most favorable to the trial court's findings. *Id.*

---

[1] Mirola does not explicitly challenge sufficiency, but to the extent that he is doing so, we will briefly address it.

The State alleged that Mirola failed to report monthly to his supervision officer on two occasions; failed to complete community service; violated curfew in several respects; failed to report his change of address; failed to complete counseling and was suspended from sex-offender counseling for lack of progress; was terminated from sex-offender counseling for failure to attend; and failed to advise his supervision officer of his address change.

Yolanda Slawson, Mirola's supervision officer, testified that he twice failed to report as alleged. Mirola testified, and he admitted that he "had not shown up to probation" the months before he got locked up. She further said that he was forty hours behind on community service, and Mirola admitted that he was behind. Also, Slawson testified that he failed to report that he was staying at locations unknown to the supervision office and that he was violating curfew and had declared that he was not going to comply with the curfew condition. Slawson also testified that Mirola had started staying at his uncle's home and that he did not inform or give notice to the police department seven days in advance that he would be living at his uncle's. Finally, Slawson said that she received notice from Mirola's sex-offender therapist that he was suspended from sex-offender treatment for lack of progress. Mirola admitted that he missed "a couple" of his counseling sessions and that he was "pretty sure" he would be kicked out for missing.

Viewing the evidence in the light most favorable to the trial court's findings, and deferring to the trial court's role as the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony, we find that the trial court did not

abuse its discretion in finding sufficient evidence of the violations and adjudicating Mirola guilty. We overrule this part of Mirola's sole issue.

Mirola also asserts that, because he partially complied with the conditions, the trial court's sentences are excessive—that he "could scarcely have been punished more harshly," in that he must complete his twenty-year sentence on count one and then attend the Intermediate Sanctions Facility before completing ten years on community supervision that could, and likely will, run at the same time as his parole.[2] The State correctly notes that a defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)). Because Mirola did not raise his complaints about his sentences in the trial court, this part of his issue is not preserved and is thus overruled. TEX. R. APP. P. 33.1. Having overruled Mirola's sole issue, we affirm the trial court's judgments.

REX D. DAVIS
Justice

---

[2] Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Affirmed
Opinion delivered and filed August 20, 2015
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the judgment of the trial court.)

