PD-1091-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/16/2015 2:42:21 PM
Accepted 9/22/2015 10:45:20 AM
ABEL ACOSTA
CLERK

*ORAL ARGUMENT REQUESTED*

## CAUSE NO. PD-1091-15

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

\* \* \* \* \*

**BEDROS NOBAR MINASSIAN, Petitioner / Appellant**

**VS.**

**THE STATE OF TEXAS, Respondent / Appellee**

\* \* \* \* \*

**On Petition from a Decision of the Court of Appeals
for the Fifth District of Texas, Dallas Division
in Cause No. 05-13-00936-CR**

---

**PETITION FOR DISCRETIONARY REVIEW**

---

THOMAS G. PAPPAS
BURLESON PATE & GIBSON, L.L.P.
TEXAS BAR CARD NO. 15455300

900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: tpappas@bp-g.com

COUNSEL FOR PETITIONER/APPELLANT
BEDROS NOBAR MINASSIAN

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

**Page**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Identity of Parties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Court of Appeals Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Grounds for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Reason for Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Appendix "A". . . . . . . . . . . . . . . . . . . . Opinion and Judgment dated July 16, 2015

# IDENTITY OF PARTIES

Bedros Nobar Minassian, Petitioner

**ATTORNEY FOR PETITIONER**
Thomas G. Pappas
Burleson, Pate & Gibson, L.L.P.
900 Jackson Street, Suite 330
Dallas, Texas 75202

**ATTORNEYS FOR STATE**

Appellate attorneys:
Susan Hawk
Michael Casillas
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207

Revocation hearing attorneys:
Craig Watkins
David Bunger
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711

**PRESIDING JUDGE**
Honorable Teresa Hawthorne
203rd Criminal District Court
133 N. Riverfront Blvd., 7th Floor
Dallas, Texas 75207

# INDEX OF AUTHORITIES

**Cases:**

*Cobb v. State*, 851 S.W.2d 871 (1993) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Johnson v. State*, 386 S.W.3d 347 (Tex.App.-Amarillo 2012, no pet.). . . . 2, 3, 4, 5

**Statutes and Rules:**

Texas Rules of Appellate Procedure

Rule 4.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Rule 68.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

## STATEMENT REGARDING ORAL ARGUMENT

The Petitioner requests oral argument.

## STATEMENT OF THE CASE

The Petitioner was charged by Indictment with the offense of Felony Driving While Intoxicated (DWI 3rd). The Petitioner pled guilty on July 8, 2008 and was sentenced to five (5) years in the Texas Department of Criminal Justice probated for a period of ten (10) years. On June 27, 2012, a Motion to Revoke Probation was filed. Subsequent to that, four (4) Amended Motions to Revoke Probation were filed. The latest was filed on March 5, 2013. (CR at 58-59). On March 29, 2013, the hearing was held on the most recent Motion to Revoke. The Petitioner pled not true. The State proceeded on two (2) of the allegations. The Court found the allegations to be true, revoked the Petitioner's probation and sentenced him to nine (9) years in the Texas Department of Criminal Justice. (CR at 60-64).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Fifth District of Texas at Dallas in an Opinion dated July 16, 2015 affirmed the revocation of the Petitioner's community supervision and sentence of nine (9) years in the Texas Department of Criminal Justice. A Petition for Discretionary Review is timely filed if a request for extension is filed by August 17, 2015 and the Petition for Discretionary Review is filed by September 16, 2015. Rules 4.1 and 68.2(a) of the Texas Rules of Appellate Procedure.

**CAUSE NO. PD-1091-15**

**IN THE COURT OF CRIMINAL APPEALS**
**FOR THE STATE OF TEXAS**

\* \* \* \* \*

**BEDROS NOBAR MINASSIAN, Petitioner / Appellant**

**VS.**

**THE STATE OF TEXAS, Respondent / Appellee**

\* \* \* \* \*

**On Petition from a Decision of the Court of Appeals**
**for the Fifth District of Texas, Dallas Division**
**in Cause No. 05-13-00936**

**PETITION FOR DISCRETIONARY REVIEW**

COMES NOW, BEDROS NOBAR MINASSIAN, Petitioner herein, and Appellant before the Court of Appeals for the Fifth District of Texas at Dallas, Texas, and seeks discretionary review from this Honorable Court from an opinion affirming his conviction.

**COURT OF APPEALS OPINION**

The Court of Appeals reviewed the transcript and some of the evidence (the Petitioner's "probation file" was offered and allowed into evidence over the Petitioner's objection, but was not made part of the appellate record) of the Trial Court's proceeding and determined that the State met its burden of proving that the

1

Petitioner violated the terms of his community supervision.

## GROUNDS FOR REVIEW

1. The Court of Appeals erred in upholding the Trial Court's finding where there was <u>no</u> evidence that the person before the Court was the same person that was placed on probation.

2. The Court of Appeals erred in upholding the Trial Court's finding that the State met its burden of proving that the Petition violated the terms of his community supervision by traveling outside Dallas County without having first obtained written permission by admitting "into" evidence an unmarked probation file under the guise of a custodian of the business record exception to the hearsay rule.

## REASONS FOR REVIEW

The Petitioner's probation was without sufficient proof of violation of his conditions of probation. He was sentenced to nine (9) years in prison.

On the issue of the Petitioner's identity, the Appellate Court failed to properly apply the law as set out by the Court of Criminal Appeals in *Cobb v. State*, 851 S.W.2d 871 (1993) in that the Appellate Court failed to apply a no-evidence standard to proof of the Petitioner's identity. *Johnson v. State*, 386 S.W.3d 347 (Tex.App.- Amarillo 2012, no pet.). The Court improperly relied on the wrong standard from *Johnson* (waiver for failure to assert) when the proper *Johnson* standard clearly supports the Petitioner's claim of no evidence.

The Appellate Court failed to properly apply the law as it applies to the hearsay testimony of a community supervision officer (Mr. Pacheco) who had no knowledge of the Petitioner except from the duplicates of a file not properly authenticated or offered into evidence. Since improperly admitted hearsay operates as having no evidentiary value, the State failed to meet its burden of proof on violation of out of county travel standard.

## ANALYSIS

### I.

The Appellate Court ruled that "the State must still prove the probationer's identity but failure to do so will not result in error on appeal unless the probationer raises the issue at trial." *Johnson v. State*, 386 S.W.3d 347, 350 (Tex.App.-Amarillo 2012, no pet.). However, the Appellate Court relied on the wrong legal standard. The proper standard is a "no evidence" standard. Where, as here, the Trial Court had no evidence that the Defendant before it was the same Defendant who was placed on probation and given the Conditions of Probation in 2008. The proper Appellate Court ruling should be reversal. Especially where the Court of Criminal Appeals explicitly addresses the necessity of proving the violation. *Cobb v. State*, 851 S.W.2d 871 (1993).

The Appellate Court cites *Johnson* as standing for the premises that failure to raise identity waives the issue. That is not accurate. *Johnson* states "the record here, therefore contains evidence to support the Trial Court's conclusion that the State

3

established by a preponderance of the evidence that the appellant is the individual who was placed on community supervision by order signed April 23, 2003, for murder in trial court cause number 44,703-B ... The Trial Court did not abuse its discretion by finding that a preponderance of the evidence established that appellant was the individual subject to the terms and conditions of the 2003 order placing him on community supervision."

There was no evidence at the revocation hearing to establish that the man in court is the same man given the conditions of probation and placed on probation in 2008. A comparison between the evidence presented on identity on *Johnson* and the absence of identity evidence in the Petitioner's case highlights how fundamentally flawed the Trial Court's ruling was:

1. In *Johnson*, the Court addressed the defendant, who admitted he was the same man who was placed on probation.

   "Court:     And Mr. Johnson, are you the same Lavalle Raphael Johnson who was here originally on April 23rd of 2003 and pled guilty to murder?

   Defendant:  Yes sir."

In the Petitioner's case, there are no such admissions.

2. In *Johnson*, the defendant's probation officer testified and identified the defendant as the person he supervised. In the Petitioner's case, the State

4

did not bring a community supervision officer who had any knowledge of the case or who had ever supervised the Petitioner. The witness was only familiar with the name of the Petitioner. (RR 3 at 10).

3. In *Johnson*, there were originals of documents introduced into the file. In the Petitioner's case, the State was only able to produce duplicates (RR 3 at 11) and the file was never properly authenticated, offered into evidence, or made a part of the record.

## II.

A probation file was admitted into evidence over the Petitioner's objection when that file was not properly authenticated or marked or even offered into evidence. Any testimony from that file would be inadmissible hearsay which has no evidentiary value.

Q:    (By Mr. Bunger)   Sir, are you the custodian of the business records for the Dallas County Community Service Supervision and Corrections Department?

A:    (By Mauricio Pacheco)   I am.

Q:    And is this the regular course of business of Dallas County to keep these kinds of records?

A:    It is.

Q:    And you have before you the actual file on Bedros

5

Minassian; is that correct?

A:     That's correct.

Q:     Are you familiar with Mr. Minassian?

A:     Just the name only.

Q:     Name only?

A:     Yes.

Q:     And did an employer, a representative of Dallas County CSCD make these records as part of their course of business in the Community Service Department? Is that correct?

A:     Yes, that's correct.

Q:     And were records made at or near the time the events described therein occurred?

A:     Yes.

Q:     And did the person making the records or entries have actual knowledge of these events as part of the conduct of the business of doing?

Mr. Pappas: Well, Your Honor, I'm going to object. He doesn't know what they did or didn't have actual knowledge of. He doesn't know anything other

6

than the name of the defendant here. That calls for speculation on the part of this witness.

Mr. Bunger: Your Honor, it's a standard to get the evidence in the file that's used to keep up with what's going on with Minassian's case as it's being maintained throughout his term of probation.

The Court: Objection overruled.

Mr. Bunger: Thank you, Your Honor.

Q: (By Mr. Bunger) Now, are these duplicates or originals in the documents there in the file?

A: Specifically what are you talking about?

Q: The content of that file, is that the original documents or duplicates?

A: Duplicates.

Q: Okay. Do you know where the originals may be kept?

A: Do not. Court jacket perhaps but I'm not sure where they are right now.

Q: Is there anything in the file that indicates written permission to travel outside of Dallas County?

7

A: No.

Q: Is there any – are there any identification of vehicles as part of his conditions under paragraph – I believe it's paragraph Q – that indicate what vehicles Mr. Minassian has that are equipped with the interlock device, is there any record in there that indicates those vehicles?

A: I have no knowledge of that.

Q: You have no knowledge of that. So you can't testify as to what – any vehicles Mr. Minassian has reported to his probation officer as part of his record as to what vehicles may have or may not have interlock devices on it?

A: That's correct.

Q: And you have no record in which he has been granted permission to leave Dallas County; is that correct?

A: That's correct.

Q: Is it a condition of probation that he not leave Dallas County?

A: It is a condition.

Q: Is it also a condition of his – under his probation terms, it was July 8, 2008, I believe, that he not operate a motor

vehicle without a deep lung breath analysis mechanism?

A.     That's correct.

Q:     Is that correct?

A:     That's correct.

(RR 3 at 9-12).

Q:     (By Mr. Pappas) Now, a couple questions. At some point between 2008 and today, Dallas County adult probation went online and began to keep their records or probation officer notes online on the computer. Is that correct?

A:     (By Mr. Pacheco) I'm not sure about the exact date but I would say, yes.

Q:     Okay. Andy you have before you a file there; is that correct?

A:     That's correct.

Q:     Okay. And do you print out the things that are on line and add those to the file or not?

A:     I do not personally. I just look at the computer for notes.

Q:     And you don't have any independent knowledge of this case?

A:     I do not.

9

Q:     You just were given the guy's name and told to pull his

        probation file?

A:     Pretty much, yes.

Q:     So you can't tell us whether what's on the computer is

        also contained on – what's in the file?

A:     I could not.

(RR 3 at 13).

Without the file that was discussed, there is no way to know exactly what was done or not done by the Community Supervision Officer vis-a-vis its Probationer. What can be said with certainty is that the testifying witness, Mr. Pacheco, had no personal or first-hand knowledge regarding the Petitioner. Therefore, his hearsay testimony has no evidentiary value as to any of the elements of the alleged violation of traveling outside the county. Merely because the probation revocation proceedings are not a jury trial does not excuse the State or the Trial Court from following evidentiary rules and the law. Mr. Pacheco gave hearsay from "duplicates" (unknown originals) in a probationer's file, a file that was never offered into evidence, much less marked and numbered as an exhibit. Further, that file appeared to be, in part, a paper file and, in part, a computer file. Finally, nothing from that file made its way into the record for the Trial Court or the Appellate Court to review. As such, Mr. Pacheco's improper hearsay testimony can only be treated as having <u>no</u> evidentiary value.

Therefore, the State's proof of a violated probation condition fails as a matter of law under the no-evidence standard.

This Court must insist by its rulings that courts follow rules and that people not be sent to prison when the courts fail to follow those rules. A review of the Appellate Court's ruling will clarify and reinforce a trial court's necessity of following the law in probation revocation proceedings.

## PRAYER FOR RELIEF

The Petitioner respectfully prays that this Court grant the Petition for Discretionary Review, after briefing and argument, reverse the Court of Appeals' opinion, and reinstate his probation.

Respectfully submitted,

/s/ Thomas G. Pappas

_____
THOMAS G. PAPPAS
TEXAS BAR CARD No.15455300
BURLESON PATE & GIBSON, L.L.P.

900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: tpappas@bp-g.com

COUNSEL FOR PETITIONER /
APPELLANT BEDROS NOBAR
MINASSIAN

11

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was delivered via electronic filing and/or certified mail, return receipt requested to the following:

Susan Hawk
Michael Casillas
Craig Watkins
David Bunger
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711

DATED the 16th day of September, 2015.

*/s/ Thomas G. Pappas*

_____
THOMAS G. PAPPAS

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this Brief contains 2,085 words (excluding the caption, identity of parties, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in WordPerfect, using 14-point typeface for all text. In making this Certificate of Compliance, I am relying on the word count provided by the software used to prepare the document.

DATED the 16th day of September, 2015.

*/s/ Thomas G. Pappas*

_____
THOMAS G. PAPPAS

# APPENDIX "A"

**Affirmed as Modified; Opinion Filed July 16 , 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00936-CR

### BEDROS NOBAR MINASSIAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-0854609-P

## MEMORANDUM OPINION
Before Justices Lang, Brown and Whitehill
Opinion by Justice Lang

This is an appeal from a judgment revoking community supervision. In July 2008, Bedros Nobar Minassian was convicted of third degree felony driving while intoxicated and placed on community supervision for five years. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014). On the State's motion, the trial court revoked Minassian's community supervision and sentenced him to nine years' imprisonment. In two issues, Minassian asserts the State failed to meet its burden of proving he violated the terms of his community supervision. We affirm the trial court's judgment.

# I. BACKGROUND

The State moved to revoke Minassian's community supervision in June 2012 based on alleged violations in February 2012 of certain terms of community supervision. The State amended its motion four times and proceeded at the revocation hearing on allegations in its March 3, 2013 motion that Minassian violated, "on or about February 12, 2012 through February 19, 2012," condition (g), requiring, in relevant part, he obtain written permission from the trial court or supervising officer before traveling outside Dallas County, and violated, "on or about February 12, 2012 and the week to follow," condition (q), requiring he not drive unless the car is equipped with a deep lung breath analysis mechanism.[1] The State did not call Minassian's supervision officer as a witness. However, Mauricio Pacheco, the custodian of business records for the community service supervision and corrections department testified that the terms of community supervision included Minassian not travel outside Dallas County without written permission and that he not drive a car that was not equipped with a deep lung breath analysis mechanism or interlock device. Pacheco also testified nothing in Minassian's paper or electronic file reflected Minassian had obtained written permission to travel outside the county, but he could have received verbal permission.

The State also called Secret Service special agent Troy Sarria and Minassian's friends James Epstein and Anna Saenz-Taylor. These witnesses testified they had seen Minassian driving without the required interlock device on more than one occasion. Sarria specifically recalled seeing Minassian drive without the device in 2012 on a day when it was "warm outside," and Epstein specifically recalled seeing Minassian drive without the device in February 2012. According to Epstein, he and Minassian drove from Chicago to Dallas during that month.

---

[1] The State also alleged he violated condition (a), prohibiting him from violating state laws, condition (j), requiring him to pay community supervision fees, and condition (o), prohibiting him, in part, from consuming alcohol. The parties do not dispute the State abandoned these allegations.

Minassian did not call any witnesses. but offered, without objection, the district clerk's computer log of the trial court's activity as an exhibit. This exhibit reflected that on January 5, 2010, the trial court signed an "interlock removal order."[2]

## II. MOTION TO REVOKE

Minassian's two issues assert the State's proof had "numerous holes" and did not satisfy the required preponderance of the evidence standard. Specifically, he contends the State failed to (1) ask the trial court to take judicial notice of its file; (2) establish he was the same person who had been convicted and placed on probation; (3) establish he was served with the community supervision terms or "even what [those terms] were;" and (4) establish any violation occurred during the alleged time frame. He further asserts, with respect to the allegation that he violated condition (q) by driving without the required interlock device, that the district clerk's log of the trial court's activity specifically showed the trial court ordered removal of the device. With respect to the allegation that he violated condition (g), he asserts also that the State failed to "offer the probation file into evidence or bring[] a supervision officer who had actually supervised [his] probation."

### A. Applicable Law and Standard of Review

An appellate court reviews a trial court's order revoking community supervision for abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Because the trial judge is the sole judge of the witnesses' credibility and the weight to give the evidence, in determining whether the trial court abused its discretion, an appellate court reviews the evidence in the light most favorable to the order. *See id.*; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App.

---

[2] This order is contained in the clerk's record and states removal of the interlock device was authorized because Minassian's car "was inoperable."

[Panel Op.] 1981)).  An appellate court will conclude the trial court abused its discretion if the State failed to meet its burden of proving by a preponderance of the evidence that the probationer violated the terms of community supervision.  *Lee*, 952 S.W.2d at 897.  The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the probationer violated the terms of community supervision during "a time period anterior to the filing of the motion to revoke and within the period of probation."  *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).  Because the execution of the sentence of a probationer is delayed contingent upon the successful completion of the community supervision conditions, a probation revocation hearing is an extension of the original sentencing hearing, and proof of the judgment of conviction and terms of community supervision is unnecessary.  *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex. Crim. App. 1993).  The State must still prove the probationer's identity, but failure to do so will not result in error on appeal unless the probationer raises the issue at trial.  *Id; Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.) (citations omitted).  When, as here, the State's motion to revoke alleges multiple violations of the terms of community supervision, proof of any one of the alleged violations is sufficient to support the revocation order.  *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

*B. Application of Law to Facts*

Minassian argues the State had to offer his file into evidence or call his supervision officer in order to establish the terms of community supervision and that he was served with those terms and establish either of the alleged violations occurred during the time period alleged.  However, the State's burden was to prove by a preponderance of the evidence that Minassian violated condition (g) or condition (q) prior to the June 2012 filing of the motion to revoke and

–4–

within the five-year period of probation that began in July 2008. *See Smith*, 286 S.W.3d at 342; *Diaz*, 516 S.W.2d at 156; *Lee*, 952 S.W.2d at 897. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the State met its burden. Minassian's identity was not at issue at trial, and Pacheco's and Epstein's testimonies established Minassian traveled outside Dallas County without written permission. Their testimony "created a reasonable belief" that Minassian violated condition (g) of the terms of community supervision and was sufficient to support the trial court's order revoking Minassian's community supervision. We decide Minassian's issue challenging the State's proof with respect to the allegation that he violated condition (g) against him. In light of this, we do not address his issue challenging the State's proof with respect to condition (q). *See Smith*, 286 S.W.3d at 342.

### III. MODIFICATION OF JUDGMENT

We note the judgment incorrectly recites that Minassian pleaded true to the allegations in the motion to revoke and that the trial court found Minassian violated the conditions of community supervision as set out in the "State's Original Motion to Revoke Community Supervision." Because an appellate court has the authority to modify an incorrect judgment to make the record speak the truth, we modify the judgment to reflect Minassian pleaded not true and was found to have violated the conditions of community supervision as set out in the State's March 3, 2013 "Motion to Revoke Community Supervision." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

## IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130936F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BEDROS NOBAR MINASSIAN, Appellant

No. 05-13-00936-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0854609-P.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment as follows:

(1) in the section entitled "*Plea to Motion to Revoke:*," the plea of "**TRUE**" is replaced with "**NOT TRUE**;" and,

(2) the statement in the judgment that "The Court **FINDS** Defendant has violated the conditions of community supervision as set out in the State's **ORIGINAL** Motion to Revoke Community Supervision as follows:

See attached Motion to Revoke Community Supervision."

is replaced with "The Court **FINDS** Defendant has violated the terms of community supervision as set out in the State's March 3, 2013 Motion to Revoke Community Supervision."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 16th day of July, 2015.

–7–