

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00248-CR
_____

**MICHAEL WAYNE WEBSTER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. F200-18; Honorable Lee Harris, Presiding

May 11, 2021

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Appellant, Michael Wayne Webster, appeals from the revocation of his community supervision and the imposition of a ten-year prison sentence to be served in the Institutional Division of the Texas Department of Criminal Justice.[1]   By two issues,

---

[1] Originally appealed to the Tenth Court of Appeals, sitting in Waco, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

Appellant argues the trial court (1) abused its discretion by failing to require him to participate in an intermediate sanctions facility as a less-restrictive alternative to imprisonment and (2) assessed unlawful and unconstitutional court costs. We modify the judgment of the trial court to remove certain court costs and affirm the judgment as modified.

## BACKGROUND

Appellant was charged via indictment with the third-degree felony offense of driving while intoxicated, third or more.[2] He pleaded guilty in August 2018 and was sentenced to ten years imprisonment; however, his sentence was suspended, and he was placed on community supervision for a period of ten years. His community supervision was subject to numerous general and specific terms and conditions.

Just over a year later, the State filed a petition for revocation of Appellant's suspended sentence. In that document, the State alleged Appellant had violated several conditions of his community supervision including using methamphetamine, failing to report as required, failing to pay certain required fines and fees, and failing to complete required community service hours, cognitive behavioral training, twelve-step support groups, and a DWI repeat offender program. The State further alleged that Appellant failed to obtain and participate in the "Ignition Interlock Program" for at least half of his community supervision term or pay fees as required, failed to attend a victim impact panel as required, and failed to attend and successfully complete the intensive out-patient treatment via HOPE as instructed.

---

[2] TEX. PENAL CODE ANN. §§ 49.04; 49.09(b) (West 2020). At the hearing, counsel for Appellant stated this was a case in which Appellant was under the influence of methamphetamine.

In August 2020, the trial court held a hearing via Zoom[3] concerning the State's motion to revoke Appellant's community supervision. The court noted that Appellant did not have a plea agreement in relation to the proceeding. Appellant pleaded "not true" to each of the State's twelve allegations. One of Appellant's community supervision officers testified that Appellant admitted to her over the phone that he had used methamphetamine in March 2019.[4] He called at that time to report that he had tested positive for methamphetamine through parole. She also testified to the truth of each of the State's remaining allegations. Another community supervision officer also testified to Appellant's violations of the conditions as set forth in the State's petition to revoke.

Appellant called the Deputy Director of Hill County CSCD to testify that in December 2019, he spoke with Appellant about turning himself in. At that time, Appellant indicated he had a child for whom he was caring and because it was nearly Christmas, he did not want to turn himself in. However, during cross-examination, the director said he did not know the age of the child and said he did not recall that the child resided with Appellant.

Following the testimony of the witnesses, the State requested that the trial court revoke Appellant's community supervision and impose the original sentence of ten years imprisonment. The State emphasized that Appellant knew the terms of his community supervision but, nonetheless, continued to use methamphetamine and failed to follow a number of the required terms and conditions of his supervision. Counsel for Appellant

---

[3] In response to the imminent threat presented by the COVID-19 pandemic, the Texas Supreme Court issued numerous emergency orders authorizing "anyone involved in any hearing . . . to participate remotely, such as by teleconferencing, videoconferencing, or other means . . . ." One such order was effective as of the date of this hearing.

[4] The officer testified Appellant said, "I know I messed up." She asked him, "[W]hen did you use?" He said, "A few days ago." He then provided the specific date of use.

argued that methamphetamine is a difficult substance to stop using and noted that Appellant knew he "had messed up." Counsel argued that Appellant had family to care for and wanted to "get that squared away" and that he would "not run away or run off." Counsel noted also that in November 2019, Appellant made a "lump sum payment on his financial responsibilities." As such, counsel requested that the trial court order Appellant to attend an intermediate sanctions facility and continue his community supervision.

The trial court took note of Appellant's DWI offenses in Louisiana and in another county in Texas. It acknowledged that "meth is some kind of hard to get off of" but also said for "some people, the only way they seem to get off of it is if they're locked up." The court then found allegations 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12 to be "true" but found allegations 4 and 5 to be "not true" because they involved financial obligations during a time in which Appellant appeared to be unemployed. The court then revoked Appellant's community supervision and imposed the original ten-year sentence of imprisonment.

**ANALYSIS**

**ISSUE ONE—ABUSE OF DISCRETION IN SENTENCING**

Via Appellant's first issue, he argues the trial court abused its discretion because it "failed to consider less-restrictive alternatives for substance abuse treatment consistent with the progressive sanctions advocated by the Community Justice Assistance Division of the Department of Criminal Justice and by the very design of community supervision." Appellant contends that under the evidence in this case, the court should have ordered him to participate in an intermediate sanctions facility program rather than revoking his community supervision and imposing a sentence of imprisonment. The State responds

4

that the trial court acted well within the bounds of reasonable discretion in sentencing Appellant to a term of ten years of imprisonment.

We review a trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Quisenberry v. State*, 88 S.W.3d 745, 749 (Tex. App.—Waco 2002, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). Proof of a single violation of a sole condition of community supervision is sufficient to support a trial court's decision to revoke. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels*, 202 S.W.3d at 763-64. The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (en banc).

In considering an appeal of this nature, we examine the evidence in the light most favorable to the trial court's findings to determine whether the evidence supports the findings. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) (explaining the legal sufficiency standard for reviewing a jury's verdict). *See also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). During a hearing on a motion to revoke supervision, the trial court is the trier of fact and

5

determines the weight and credibility of the testimony.  *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).  When we are faced with a record supporting contradicting inferences, we presume that the fact finder resolved any conflict in favor of its findings, even if it is not explicitly stated in the record.  *See Montgomery*, 369 S.W.3d at 192.

Here, Appellant does not challenge the sufficiency of the evidence supporting the trial court's revocation of his community supervision.  He argues only that the trial court erred in imposing a sentence of imprisonment rather than granting his request to be placed in an intermediate sanctions facility to address his drug addiction.  While sympathetic to his plea, we cannot agree with Appellant's contention.

Once a violation of any one condition of community supervision is established, trial courts "enjoy broad discretion in deciding whether to continue, extend, modify, or revoke community supervision."  *Merino v. State*, Nos. 13-19-00240-CR, 13-19-00241-CR, 2020 Tex. App. LEXIS 4334, at *8-9 (Tex. App.—Corpus Christi June 11, 2020, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 42A.751(d); *Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986); *Smith v. State*, 587 S.W.3d 413, 419 (Tex. App.—San Antonio 2019, no pet.)).  In *Merino,* the court noted that this broad discretion includes whether to place a probationer in SAFPF[5] as an additional condition of continued community supervision.  *Merino*, 2020 Tex. App. LEXIS 4334, at *8 (citing TEX. CODE CRIM. PROC. ANN. art. 42A.752(a)(4)).  Courts of appeals have consistently deferred to a trial court's discretion to revoke community supervision over the probationer's request for placement in SAFPF or similar facility.  *Merino*, 2020 Tex. App.

---

[5] SAFPF is the Texas Substance Abuse Felony Punishment Facility.

LEXIS 4334, at *8-9 (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.); *Hodge v. State*, Nos. 02-10-00050-CR, 02-10-00051-CR, 2011 Tex. App. LEXIS 5451, at *10-11 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication); *Mathis v. State*, No. 04-09-00075-CR, 2009 Tex. App. LEXIS 7972, at *6-7 (Tex. App.—San Antonio Oct. 14, 2009, no pet.) (mem. op., not designated for publication); *Marriott v. State*, No. 07-02-00203-CR, 2003 Tex. App. LEXIS 7244, at *6 (Tex. App.—Amarillo Aug. 25, 2003, pet. ref'd) (mem. op., not designated for publication)).

Despite this clear deference to the trial court's discretion, Appellant argues that there are two considerations when addressing conditions of community supervision relative to substance abuse treatment or an appropriate progression of sanctions for violations. First, he asserts, the conditions and sanctions "should be driven by individual assessment" or tailored to the circumstances of the individual before the court. Second, Appellant argues, the least restrictive intervention should be employed. He points to the fact that the court here noted the difficulty of overcoming an addiction to methamphetamine and that one community supervision officer testified that "she was open to an intermediate sanctions facility when [Appellant] first admitted to her that he had used methamphetamine again."[6] While we do not disagree with Appellant that there are a broad array of alternatives to imprisonment in Texas, we cannot, based on the record here, agree with Appellant that the trial court abused its discretion in deciding not to utilize one of those alternatives in the case now before us.

---

[6] Appellant then acknowledges that he stopped reporting as required after that conversation, an event that might have changed the circumstances.

7

According to the record in this case, Appellant had "DWIs in Louisiana" and "another DWI in Texas over here in Limestone County." The court noted that Appellant was on parole but "that didn't seem to make an impact on you. You committed this offense, and for some reason or other, the parole board didn't revoke your parole. Then you test positive for meth." The court also noted Appellant's "excuses" for avoiding responsibility in this matter regarding childcare and the coming Christmas holiday. Further, both community supervision officers testified Appellant failed to report as required. "A probationer cannot be supervised if he continually refuses to report." *Merino*, 2020 Tex. App. LEXIS 4334, at *9. Therefore, based on those violations and Appellant's admitted use of methamphetamine in March 2019, it would have been reasonable for the trial court to determine Appellant was not a good candidate for continued community supervision or substance abuse counseling. *Id.* (citing *State v. Waters*, 560 S.W.3d 651, 659 (Tex. Crim. App. 2018)).

As noted, revocation proceedings are "highly discretionary." *Merino*, 2020 Tex. App. LEXIS 4334, at *10 (citing *Waters*, 560 S.W.3d at 661). Any one of Appellant's several violations would have supported the revocation of his community supervision. *Merino*, 2020 Tex. App. LEXIS 4334, at *10 (citing *Moore*, 605 S.W.2d at 926). Consequently, we find it was well within the trial court's discretion to revoke Appellant's community supervision based on the evidence of numerous violations of the conditions of his supervision irrespective of Appellant's request that he be placed in an intermediate sanctions facility to receive drug treatment. *Merino*, 2020 Tex. App. LEXIS 4334, at *10-11 (citations omitted). We note also that the trial court's imposed sentence of ten years is within the applicable statutory range. *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2020). Consequently, we overrule Appellant's first issue.

Through his second issue, Appellant argues the trial court assessed improper court costs.[7] He first challenges a $15 "Warrant Fee-State" assessed as part of court costs. In support of his challenge, he asserts that a trial court cannot assess a fee or court cost that is not authorized by statute. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). Both parties agree there is no such statute authorizing the assessment of that fee in this case. We therefore modify the judgment to delete the assessment of the $15 "Warrant Fee-State."

The trial court also assessed a time-payment fee pursuant to Texas Local Government Code section 133.103. Section 133.103 requires a person convicted of a criminal offense to pay a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after a judgment is entered assessing the fine, court costs, or restitution. *See* TEX. LOCAL GOV'T CODE ANN. § 133.103(a) (West 2019). Under former subsections (b) and (d) of section 133.103, ninety percent of the fees collected under the statute were sent into a general revenue fund. *Id.* Because subsections (b) and (d) of section 133.103 did not direct the time-payment fees to be used for criminal justice purposes, several courts of appeals have held that those subsections violate the separation of powers doctrine and are therefore facially unconstitutional. *Dye v. State*, No. 07-19-00370-CR, 2020 Tex. App. LEXIS 7501, at *3-4 (Tex. App.—Amarillo Sept. 16, 2020, no pet.) (mem. op., not designated for publication) (citing *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin

---

[7] While Appellant did not object to the assessment of costs in the trial court, he may challenge their constitutionality for the first time on appeal because the costs were not imposed in open court and the written judgment does not contain an itemization of imposed costs. *Dye v. State*, No. 07-19-00370-CR, 2020 Tex. App. LEXIS 7501, at *3-4 (Tex. App.—Amarillo Sep. 16, 2020, no pet.) (mem. op., not designated for publication) (citing *London v. State*, 490 S.W.3d 503, 506-07 (Tex. Crim. App. 2016)).

2019), *vacated by*, Nos. PD-856-19, PD-0857-19, 2021 Tex. App. LEXIS 273 (Tex. Crim. App. Mar. 31, 2021); *Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed)); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019, pet. filed). Under *Dulin*, the time-payment fee should thus be reduced by ninety percent. *Dulin*, 583 S.W.3d at 352-53. Accordingly, Appellant seeks modification of the judgment to reduce the time-payment fee from $25 to $2.50. The State also agrees this modification is proper.

However, the Court of Criminal Appeals recently issued an opinion concluding that a trial court's assessment of the $25 time-payment fee while an appeal is pending is premature. As such, the $25 time-payment fee should be entirely struck, without prejudice to the fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay any fine, court costs, or restitution that he owes. *Dulin*, 2021 Tex. Crim. App. LEXIS 273, at *11.

This court has the authority to modify an incorrect judgment when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We accordingly sustain Appellant's issue and modify the bill of costs to delete the assessment of the $15 "Warrant Fee-State" and to delete the assessment of the $25 time-payment fee.

**CONCLUSION**

Having resolved Appellant's first issue against him and sustained his second, we affirm the trial court's judgment as modified herein.

Patrick A. Pirtle
Justice

Do not publish.